UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-23111-Civ-Martinez/Sanchez

EB-5 Inc. Regional Center, LLC,

    Plaintiff,

v.

Director of U.S. Citizenship and
Immigration Services,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on the Plaintiff's Motion for Preliminary Injunction, ECF No. 5.

In this action, the Plaintiff, EB-5 Inc. Regional Center, LLC, initially sought declaratory and injunctive relief to prevent the Defendant, the Director of United States Citizenship and Immigration Services (USCIS), from terminating the Plaintiff's designation as an EB-5 regional center for failure to pay annual fees required under the EB-5 Reform and Integrity Act of 2022, in accordance with a Notice of Intent to Terminate (NOIT) that USCIS issued to the Plaintiff.  *See* ECF No. 1; *see also* 8 U.S.C. § 1153(b)(5)(J)(ii)(I), (b)(5)(J)(iv).  In the present motion, the Plaintiff seeks a preliminary injunction to prevent USCIS from terminating the Plaintiff's designation as an EB-5 regional center prior to the resolution of this litigation.  ECF No. 5.

To obtain a preliminary injunction, the party moving for the injunction must show that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).  "Significantly, even if [a movant] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Id*.

Here, the Plaintiff has requested that the Court "enjoin USCIS from terminating the EB-5 Regional Center's designation." ECF No. 5 at 18; *see also id.* at 7 (requesting that the Court enjoin the USCIS Notice of Intent to Terminate (NOIT), which was based on the asserted failure of the Plaintiff to pay the EB-5 program's Integrity Fund fee for fiscal year 2023). Defendant USCIS, however, previously "confirmed that it will not terminate EB-5 Regional Center's regional center designation during the pendency of district court litigation." ECF No. 10 at 8. Indeed, the Chief of USCIS's Immigrant Investor Program Office (IPO), the office within USCIS that administers the EB-5 immigrant investor program, had declared under penalty of perjury that, "[f]or regional centers challenging the Notices of Intent to Terminate in litigation, USCIS will not take action to terminate their designation for failure to pay the Integrity Fund fee for FY 2023 and/or FY 2024 for the pendency of such district court litigation." ECF No. 10-1 at ¶ 3.

Since USCIS made that sworn representation to the Court, USCIS has moved to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction and improper venue. ECF No. 14. In that motion, USCIS argues that the Plaintiff's challenge to USCIS's Notice of Intent to Terminate is now moot and has additionally represented that it has now afforded the Plaintiff with its requested "opportunity to pay the Integrity Fund fee before terminating its designation as a regional center," "that Plaintiff has now paid the required fee," and that, "[a]s a result, Plaintiff's designation will not be terminated on this basis." *Id.* at 1. Indeed, the Chief of USCIS's Immigrant Investor Program Office (IPO) has declared under penalty of perjury that the Plaintiff "is up to date on its annual Integrity Fund fee obligations through fiscal year 2025" and that "USCIS anticipates issuing reaffirmation notices for all regional centers who received a Notice of Intent to

Terminate in fiscal year 2024 but who are up to date on their annual Integrity Fund fee obligations through fiscal year 2025 as of December 30, 2024." ECF No. 14-1 at ¶¶ 2-3.

Significantly, the Plaintiff has responded to USCIS's pending motion to dismiss by filing an amended complaint in which it no longer seeks injunctive relief prohibiting USCIS from terminating its designation as an EB-5 regional center for failure to pay the required annual fees. *See* ECF No. 16; *see also* ECF No. 15.  Instead, the amended complaint now seeks to have the Court compel USCIS to act upon the Plaintiff's pending I-956 application for regional center designation.  ECF No. 16.

Here, the Defendant had effectively agreed to the preliminary injunctive relief requested by Plaintiff, affirming that USCIS would not terminate the Plaintiff's EB-5 designation during the pendency of the present litigation before the Court in which the Plaintiff challenged that proposed termination.  Moreover, Defendant USCIS has since represented that Plaintiff is in compliance with its annual fee obligations and that USCIS will not be terminating the Plaintiff's designation as an EB-5 regional center for failure to pay annual Integrity Fund fees.  Because the Defendant will not be terminating the Plaintiff's designation as an EB-5 regional center for failure to pay annual fees, the Plaintiff does not face irreparable injury in the absence of the requested preliminary injunction.  Indeed, the Plaintiff's request for injunctive relief appears moot.  The Plaintiff has simply not established any irreparable harm, and it is not entitled to a preliminary injunction.  *See Siegel*, 234 F.3d at 1176; *see also USCFID Georgia LLC v. Director, U.S. Citizenship and Immigration Servs*, No.: 1:24-cv-13330-MHC (N.D. Ga. Aug. 30, 2024) (order requiring USCIS to adhere to its representation that it will not terminate the plaintiff's designation as an EB-5 regional center pending a final disposition of the plaintiff's claims and denying as moot the plaintiff's motion for a preliminary injunction).

## CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Preliminary Injunction, ECF No. 5, be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 8th day of January, 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:Hon. Jose E. Martinez
Counsel of Record